# EXHIBIT "A"

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF QUEENS

_____     Filed:_____

RAYMOND F. PEREZ,                                    INDEX NO.

                 Plaintiff,

                                                                           Plaintiff designates Queens
     -against-                                                    County as the place of trial.

UBER TECHNOLOGIES, INC., UBER USA, LLC, RASIER-NY,    **S U M M O N S**
LLC,

                                                                          The basis of venue is
                                                                          Plaintiff's residence:
                               Defendants.                        2247 Cornaga Avenue
                                                                          Far Rockaway, New York
_____

**To the above named Defendants:**

       **YOU ARE HEREBY SUMMONED** to answer the complaint in this action and to serve a copy of your answer on the plaintiff's attorneys within 20 days after the service of this summons, exclusive of the day of service of this summons, or within 30 days after service of this summons is complete if this summons is not personally delivered to you within the State of New York.

       In case of your failure to answer this summons, a judgment by default will be taken against you for the relief demanded in the complaint, together with the costs of this action.

Dated: Brooklyn, New York
          September 22, 2022

                                      MIKHAIL YADGAROV & ASSOCIATES, P.C.
                                      Attorneys for Plaintiff
                                      1111 Avenue U, 2nd Floor
                                      Brooklyn, New York 11223
                                      (718) 333-0812

UBER TECHNOLOGIES, INC.
28 Liberty Street
New York, New York 10005

UBER USA, LLC

28 Liberty Street
New York, New York 10005

RASIER-NY, LLC
28 Liberty Street
New York, New York 10005

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF QUEENS

---

RAYMOND F. PEREZ,

      Plaintiff,

 -against-

UBER TECHNOLOGIES, INC., UBER USA, LLC, RASIER-NY, LLC,

      Defendants.

---

INDEX NO.

**VERIFIED COMPLAINT**

 Plaintiff, by his attorneys, MIKHAIL YADGAROV & ASSOCIATES, P.C., as and for his Verified Complaint, respectfully alleges, upon information and belief:

 1. The plaintiff, RAYMOND F. PEREZ, at all times herein mentioned was and still is a resident of the County of Queens and the State of New York.

 2. The defendant UBER TECHNOLOGIES, INC., at all times herein mentioned, was and still is a corporation organized and existing under the laws of the State of Delaware, with its principal place of business situated in the State of Delaware and the State of New York.

 3. The defendant UBER TECHNOLOGIES, INC., at all times herein mentioned was and still is a foreign corporation duly licensed and authorized to do business in the State of Delaware and the State of New York.

 4. The defendant, UBER TECHNOLOGIES, INC., at all times herein mentioned conducted and carried on business in the State of Delaware and the State of New York.

 5. The defendant, UBER TECHNOLOGIES, INC., at all times herein mentioned was and still is a partnership doing business in the State of Delaware and the State of New York.

 6. The defendant, UBER TECHNOLOGIES, INC., at all times herein mentioned was and

still is a limited liability partnership doing business in the State of Delaware and the State of New York.

7. The defendant, UBER TECHNOLOGIES, INC., at all times herein mentioned was and still is a limited liability corporation doing business in the State of Delaware and the State of New York.

8. The defendant, UBER TECHNOLOGIES, INC., at all times herein mentioned was and still is a sole proprietorship doing business in the State of Delaware and the State of New York.

9. At all times herein mentioned, defendant UBER TECHNOLOGIES, INC. transacted business within the State of Delaware and the State of New York.

10. At all times herein mentioned, defendant UBER TECHNOLOGIES, INC. derived substantial revenue from goods used or consumed or services rendered in the State of Delaware and the State of New York.

11. At all times herein mentioned, defendant UBER TECHNOLOGIES, INC. expected or should reasonably have expected its acts to have consequences in the State of New York.

12. At all times herein mentioned, defendant UBER TECHNOLOGIES, INC. derived substantial revenue from interstate or international commerce.

13. The defendant UBER USA, LLC, at all times herein mentioned, was and still is a corporation organized and existing under the laws of the State of Delaware, with its principal place of business situated in the State of Delaware and the State of New York.

14. The defendant UBER USA, LLC, at all times herein mentioned was and still is a foreign corporation duly licensed and authorized to do business in the State of Delaware and the State of New York.

15. The defendant, UBER USA, LLC, at all times herein mentioned conducted and carried on business in the State of Delaware and the State of New York.

16. The defendant, UBER USA, LLC, at all times herein mentioned was and still is a partnership doing business in the State of Delaware and the State of New York.

17. The defendant, UBER USA, LLC, at all times herein mentioned was and still is a limited liability partnership doing business in the State of Delaware and the State of New York.

18. The defendant, UBER USA, LLC, at all times herein mentioned was and still is a limited liability corporation doing business in the State of Delaware and the State of New York.

19. The defendant, UBER USA, LLC, at all times herein mentioned was and still is a sole proprietorship doing business in the State of Delaware and the State of New York.

20. At all times herein mentioned, defendant UBER USA, LLC transacted business within the State of Delaware and the State of New York.

21. At all times herein mentioned, defendant UBER USA, LLC derived substantial revenue from goods used or consumed or services rendered in the State of Delaware and the State of New York.

22. At all times herein mentioned, defendant UBER USA, LLC expected or should reasonably have expected its acts to have consequences in the State of New York.

23. At all times herein mentioned, defendant UBER USA, LLC derived substantial revenue from interstate or international commerce.

24. The defendant RASIER-NY, LLC, at all times herein mentioned, was and still is a corporation organized and existing under the laws of the State of Delaware, with its principal place of business situated in the State of Delaware and the State of New York.

25. The defendant RASIER-NY, LLC, at all times herein mentioned was and still is a foreign corporation duly licensed and authorized to do business in the State of Delaware and the State of New York.

26. The defendant, RASIER-NY, LLC, at all times herein mentioned conducted and carried on business in the State of Delaware and the State of New York.

27. The defendant, RASIER-NY, LLC, at all times herein mentioned was and still is a partnership doing business in the State of Delaware and the State of New York.

28. The defendant, RASIER-NY, LLC, at all times herein mentioned was and still is a limited liability partnership doing business in the State of Delaware and the State of New York.

29. The defendant, RASIER-NY, LLC, at all times herein mentioned was and still is a limited liability corporation doing business in the State of Delaware and the State of New York.

30. The defendant, RASIER-NY, LLC, at all times herein mentioned was and still is a sole proprietorship doing business in the State of Delaware and the State of New York.

31. At all times herein mentioned, defendant RASIER-NY, LLC transacted business within the State of Delaware and the State of New York.

32. At all times herein mentioned, defendant RASIER-NY, LLC derived substantial revenue from goods used or consumed or services rendered in the State of Delaware and the State of New York.

33. At all times herein mentioned, defendant RASIER-NY, LLC expected or should reasonably have expected its acts to have consequences in the State of New York.

34. At all times herein mentioned, defendant RASIER-NY, LLC derived substantial revenue from interstate or international commerce.

35. On or about November 13, 2019, defendant UBER TECHNOLOGIES, INC. was the registered owner of a motor vehicle, bearing license plate number T728450C.

36. On or about November 13, 2019, defendant UBER TECHNOLOGIES, INC. was the titled owner of a motor vehicle, bearing license plate number T728450C.

37. On or about November 13, 2019, defendant UBER TECHNOLOGIES, INC. maintained a motor vehicle, bearing license plate number T728450C.

38. On or about November 13, 2019, defendant UBER TECHNOLOGIES, INC. controlled a motor vehicle, bearing license plate number T728450C.

39. On or about November 13, 2019, defendant UBER TECHNOLOGIES, INC. was the lessee of a motor vehicle, bearing license plate number T728450C.

40. On or about November 13, 2019, defendant UBER TECHNOLOGIES, INC. was the lessor of a motor vehicle, bearing license plate number T728450C.

41. On or about November 13, 2019, defendant UBER USA, LLC was the registered owner of a motor vehicle, bearing license plate number T728450C.

42. On or about November 13, 2019, defendant UBER USA, LLC was the titled owner of a motor vehicle, bearing license plate number T728450C.

43. On or about November 13, 2019, defendant UBER USA, LLC maintained a motor vehicle, bearing license plate number T728450C.

44. On or about November 13, 2019, defendant UBER USA, LLC controlled a motor vehicle, bearing license plate number T728450C.

45. On or about November 13, 2019, defendant UBER USA, LLC was the lessee of a motor vehicle, bearing license plate number T728450C.

46. On or about November 13, 2019, defendant UBER USA, LLC was the lessor of a motor vehicle, bearing license plate number T728450C.

47. On or about November 13, 2019, defendant RASIER-NY, LLC was the registered owner of a motor vehicle, bearing license plate number T728450C.

48. On or about November 13, 2019, defendant RASIER-NY, LLC was the titled owner of a motor vehicle, bearing license plate number T728450C.

49. On or about November 13, 2019, defendant RASIER-NY, LLC maintained a motor vehicle, bearing license plate number T728450C.

50. On or about November 13, 2019, defendant RASIER-NY, LLC controlled a motor vehicle, bearing license plate number T728450C.

51. On or about November 13, 2019, defendant RASIER-NY, LLC was the lessee of a motor vehicle, bearing license plate number T728450C.

52. On or about November 13, 2019, defendant RASIER-NY, LLC was the lessor of a motor vehicle, bearing license plate number T728450C.

53. On or about November 13, 2019, VICTOR MALYSHEV was the registered owner of a motor vehicle, bearing license plate number T728450C.

54. On or about November 13, 2019, VICTOR MALYSHEV was the titled owner of a motor vehicle, bearing license plate number T728450C.

55. On or about November 13, 2019, VICTOR MALYSHEV maintained a motor vehicle, bearing license plate number T728450C.

56. On or about November 13, 2019, VICTOR MALYSHEV controlled a motor vehicle, bearing license plate number T728450C.

57. On or about November 13, 2019, VICTOR MALYSHEV was the lessee of a motor vehicle, bearing license plate number T728450C.

58. On or about November 13, 2019, VICTOR MALYSHEV was the lessor of a motor vehicle, bearing license plate number T728450C.

59. On or about November 13, 2019, VICTOR MALYSHEV was the operator of a motor vehicle, bearing license plate number T728450C.

60. On or about November 13, 2019, the motor vehicle bearing license plate number T728450C was being operated by VICTOR MALYSHEV with the knowledge of its owner.

61. On or about November 13, 2019, the motor vehicle bearing license plate number T728450C was being operated by VICTOR MALYSHEV with the express consent of its owner.

62. On or about November 13, 2019, the motor vehicle bearing license plate number T728450C was being operated by VICTOR MALYSHEV with the implied consent of its owner.

63. On or about November 13, 2019, the motor vehicle bearing license plate number T728450C was being operated by VICTOR MALYSHEV with the express permission of its owner.

64. On or about November 13, 2019, the motor vehicle bearing license plate number T728450C was being operated by VICTOR MALYSHEV with the implied permission of its owner.

65. On or about November 13, 2019, the motor vehicle bearing license plate number T728450C was being operated by VICTOR MALYSHEV employee of the defendant UBER TECHNOLOGIES, INC., at or near the intersection of Beach 27th Street and Deerfield Road, Queens, New York within the scope of his employment.

66. On or about November 13, 2019, the motor vehicle bearing license plate number T728450C was being operated by VICTOR MALYSHEV employee of the defendant UBER USA, LLC, at or near the intersection of Beach 27th Street and Deerfield Road, Queens, New York within the scope of his employment.

67. On or about November 13, 2019, the motor vehicle bearing license plate number T728450C was being operated by VICTOR MALYSHEV employee of the defendant RASIER-NY, LLC, at or near the intersection of Beach 27th Street and Deerfield Road, Queens, New York within the scope of his employment.

68. On or about November 13, 2019, CLAUDIA ARGUETA was the registered owner of a motor vehicle, bearing license plate number FES4075.

69. On or about November 13, 2019, CLAUDIA ARGUETA was the titled owner of a motor vehicle, bearing license plate number FES4075.

70. On or about November 13, 2019, CLAUDIA ARGUETA maintained a motor vehicle, bearing license plate number FES4075.

71. On or about November 13, 2019, CLAUDIA ARGUETA controlled a motor vehicle, bearing license plate number FES4075.

72. On or about November 13, 2019, CLAUDIA ARGUETA was the lessee of a motor vehicle, bearing license plate number FES4075.

73. On or about November 13, 2019, CLAUDIA ARGUETA was the lessor of a motor vehicle, bearing license plate number FES4075.

74. On or about November 13, 2019, CLAUDIA ARGUETA was the operator of a motor vehicle, bearing license plate number FES4075.

75. On or about November 13, 2019, plaintiff RAYMOND F. PEREZ was a passenger in a motor vehicle, bearing license plate number FES4075.

76. On or about November 13, 2019, the motor vehicle operated by VICTOR MALYSHEV came in contact with the motor vehicle operated by CLAUDIA ARGUETA in which the plaintiff RAYMOND F. PEREZ was a passenger, at or near the intersection of Beach 27th Street and Deerfield Road, Queens, New York.

77. The plaintiff RAYMOND F. PEREZ was injured.

78. The plaintiff RAYMOND F. PEREZ was seriously injured.

79. The plaintiff RAYMOND F. PEREZ was permanently injured.

80. The aforesaid occurrence and resulting injuries to the plaintiff were solely as a result of the defendants' negligence, carelessness and recklessness in the ownership, leasing, operation, maintenance, and control of the defendant's motor vehicle.

81. As a result of the foregoing, the plaintiff sustained serious personal injuries as defined in Section 5102(d) of the Insurance Law of the State of New York, and/or economic loss greater than basic economic loss as defined in Section 5102(a) of the Insurance Law of the State of New York.

82. This action falls within one or more of the exceptions set forth in Section 1602 of the Civil Practice Law and Rules.

83. Due to defendants' negligence, plaintiff is entitled to damages, in a sum which exceeds the jurisdictional limit of all lower Courts which would otherwise have jurisdiction.

**WHEREFORE**, the plaintiff demands judgment awarding damages, in an amount exceeding the jurisdictional limits of all lower courts which would otherwise have jurisdiction,

together with interest and the costs and disbursements of this action, and such other and further relief as to this Court seems just and proper.

Dated: Brooklyn, New York
      September 22, 2022

By: Mikhail Yadgarov
MIKHAIL YADGAROV & ASSOCIATES, P.C.

Attorneys for Plaintiff
1111 Avenue U, 2nd Floor
Brooklyn, New York  11223
(718) 333-0812

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF QUEENS

---

RAYMOND F. PEREZ,

                Plaintiff,

-against-

UBER TECHNOLOGIES, INC., UBER USA, LLC, RASIER-NY, LLC,

                Defendants.

---

INDEX NO.

**ATTORNEY'S VERIFICATION**

     Mikhail Yadgarov, an attorney duly admitted to practice law in the State of New York, makes the following affirmation under the penalty of perjury:

     I am of the firm of MIKHAIL YADGAROV & ASSOCIATES, P.C., the attorneys of record for the plaintiff.

     I have read the foregoing Complaint and know the contents thereof; the same is true to my own knowledge except as to the matters therein stated to be alleged on information and belief and that as to those matters, I believe them to be true.

     This verification is made by affirmant and not by plaintiff because he is not in the County of Kings, which is the County where your affirmant maintains offices.

     The grounds of affirmant's belief as to all matters not stated upon affirmant's knowledge are correspondence had with the said plaintiff, information contained in the said plaintiff's file, which is in affirmant's possession, and other pertinent data relating thereto.

Dated: Brooklyn, New York
          September 22, 2022

                                              MIKHAIL YADGAROV

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF QUEENS

Index No.

-------------------------------------------------------

RAYMOND F. PEREZ

            Plaintiff,

  -against-

UBER TECHNOLOGIES, INC., UBER USA, LLC, RASIER-NY, LLC,

           Defendants.

-------------------------------------------------------

**SUMMONS and VERIFIED COMPLAINT**

The documents herein are hereby certified pursuant to 25 NYCRR 130 1.1 a

By: _____
    Mikhail Yadgarov

**MIKHAIL YADGAROV & ASSOCIATES, P.C.**
Attorneys for Plaintiff
1111 Avenue U, 2nd Floor
Brooklyn, New York 11223
(718) 333-0812